NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                       :
JOHN DOE,                              :    Civil No. 03-2112 (AET)
                                       :
    Plaintiff,                         :    **MEMORANDUM & ORDER**
                                       :
v.                                     :
                                       :
NEW JERSEY DEPARTMENT                  :
OF CORRECTIONS, et al.,                :
                                       :
    Defendants.                        :
_____ :

THOMPSON, U.S.D.J.

    This matter is before the Court on Plaintiff's motion for reargument. The Court has decided this motion after considering the written submissions of the parties. No oral argument was heard pursuant to Fed. R. Civ. P. 78. For the reasons below, the Court will deny Plaintiff's motion.

    As noted above, Plaintiff has captioned his motion as a motion for reargument. Because the terms "reargument" and "reconsideration" are interchangeable, the Court will treat Plaintiff's motion for reargument as a motion for reconsideration pursuant to Local Civil Rule 7.1(i).[1] See United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). In his motion, Plaintiff seeks reconsideration of the Court's March 13, 2006 Order ("March 13th Order"), which was entered on the docket on March 15, 2006. In its March 13th Order, the Court noted that it

---

[1] After the 2005 amendment of the District of New Jersey's Local Civil Rules, former Local Civil Rule 7.1(g) became the current Local Civil Rule 7.1(i).

-1-

earlier dismissed a number of Plaintiff's claims as lacking legal basis, including Plaintiff's due process claims, equal protection claims, and breach of contract claims. The Court concluded its March 13th Order by finding that Plaintiff's § 1983 claim for denial of medical care in violation of the Eighth Amendment was the one remaining claim in the case.

In his motion for reconsideration, Plaintiff asks the Court to reinstate claims that were dismissed earlier in the case. Specifically, Plaintiff seeks reinstatement of (1) his due process claims against Defendants CMS, Dr. Tagle, Dr. Achebe, St. Francis Hospital, Susan Farber, and Ultrasound Services, Inc.; (2) his state law negligence/medical malpractice claim against CMS, Dr. Tagle, and Dr. Achebe; and (3) his third-party breach of contract claim against CMS, Dr. Tagle, and Dr. Achebe. In particular, Plaintiff argues that the Court's October 7, 2003 Opinion and Order allowed these claims to proceed at the screening stage.

Local Civil Rule 7.1(i) provides that "[a] motion for reconsideration shall be served and filed within 10 business days after the entry of the order or judgment on the original motion." D.N.J. Civ. R. 7.1(i). Under Local Civil Rule 7.1(i), the movant must submit a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." Id. In other words, the movant may address only matters that were presented to the Court, but were not considered by the Court in making the decision at issue. Compaction Sys. Corp., 88 F. Supp. 2d at 345. A party asserting a difference of opinion with a court's decision should not bring a motion for reconsideration; rather, he or she should seek relief through the normal appellate process. Chicosky v. Presbyterian Med. Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 163 (D.N.J. 1988).

A court will grant a motion for reconsideration only if the movant establishes one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not previously available; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  Relief under a motion for reconsideration will be granted "very sparingly." Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986).

At oral argument on March 13, 2006, the Court informed the parties that the only viable claim remaining was Plaintiff's § 1983 denial of medical care claim.  At that time, Plaintiff argued that the Court had allowed his malpractice and due process claims to go forward in its October 7, 2003 Opinion and Order.  Plaintiff also advanced written arguments in his opposition briefs to Defendants' motions for summary judgment to support his malpractice/negligence claims, due process claims, and breach of contract claim.

The Court considered Plaintiff's oral argument and reviewed the written submissions of the parties before making its March 13, 2006 ruling.  Plaintiff has not shown an intervening change in the controlling law, the availability of new evidence, or the need to correct a clear error of law or fact.  As a result, the Court will not reconsider the ruling at issue, and Plaintiff's claims will not be reinstated.

Additionally, the Court notes that Plaintiff appears to disagree with its October 7, 2003 Opinion and Order.  If Plaintiff disagrees with a ruling by the Court, he should seek relief through the appellate process, and not through a motion for reconsideration.

For the foregoing reasons and for good cause shown,

It is on this 7th day of June, 2006,

**ORDERED** that the Plaintiff's motion for reargument [233] is **DENIED**.

                                              s/ Anne E. Thompson
                                              ANNE E. THOMPSON, U.S.D.J.