NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
: 
JOHN DOE, :
:
    Plaintiff, :
: Civil No. 03-2112 (AET)
    v. :
: **MEMORANDUM & ORDER**
NEW JERSEY DEPARTMENT :
OF CORRECTIONS, et al., :
:
    Defendants. :
_____:

THOMPSON, U.S.D.J.

    This matter is before the Court on Plaintiff's Motion for Reconsideration of rulings made by the Court during a pretrial hearing conducted on October 26, 2006. The Court has considered the written submissions of the parties without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons below, the Court will deny Plaintiff's Motion.

    Plaintiff asks the Court to reconsider rulings excluding certain evidence Plaintiff sought to present at trial. Specifically, Plaintiff seeks reconsideration and admission of: (1) eight Health Service Request Forms predating May 9, 2001; (2) a letter from Plaintiff to Defendant Farrell dated January 31, 2003; and (3) a letter from Plaintiff to Mrs. Warner at New Jersey State Prison dated January 4, 2000.

    At the pretrial hearing on October 26, 2006, the Court ruled that the eight Health Services Request Forms predating May 9, 2001, are inadmissible in light of the two-year statute of limitations emanating from Plaintiff's filing of his Complaint on May 9, 2003. The Court also

barred the January 31, 2003 letter from Plaintiff to Defendant Farrell as inadmissible hearsay. Finally, the Court reserved decision on the admissibility of the January 4, 2000 letter from Plaintiff to Mrs. Warner.

As Plaintiff does not argue an intervening change in the controlling law or the availability of new evidence that was not previously available, the Court may grant Plaintiff's Motion only if he establishes "the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). "[R]econsideration is an extraordinary remedy, that is granted very sparingly." Brackett v. Ashcroft, No. 03-3988, 2003 U.S. Dist. LEXIS 21312, at *5 (D.N.J. Oct. 7, 2003). Under Local Civil Rule 7.1(i), the movant must submit a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." D.N.J. Civ. R. 7.1(i). In other words, the movant may address only matters that were presented to the Court, but were not considered by the Court in making the decision at issue. United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). A party asserting a difference of opinion with a court's decision should not bring a motion for reconsideration; rather, he or she should seek relief through the normal appellate process. Chicosky v. Presbyterian Med. Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 163 (D.N.J. 1988).

The Court considered both parties' oral arguments before making these rulings. Although Plaintiff appears to disagree with the Court's rulings, Plaintiff has not shown the need to correct a clear error of law or fact, or to prevent manifest injustice. As a result, the Court will not

reconsider the rulings at issue, and the excluded documents remain barred.

For the foregoing reasons and for good cause shown,

It is on this 9th day of January, 2007,

**ORDERED** that Plaintiff's Motion for Reconsideration [252] is **DENIED**.

s/ Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.
